1  STEVEN G. KALAR
   Federal Public Defender
2  Northern District of California
   JOHN PAUL REICHMUTH
3  Assistant Federal Public Defender
   13th Floor Federal Building - Suite 1350N
4  1301 Clay Street
   Oakland, CA 94612
5  Telephone:   (510) 637-3500
   Facsimile:   (510) 637-3507
6  Email:       John_Reichmuth@fd.org

7

8  Counsel for Defendant PELAYO-CHAVEZ

9

10           IN THE UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14  UNITED STATES OF AMERICA,            **Case No.:** CR 16–173 HSG

15              Plaintiff,               **VIOLATION MEMORANDUM ON
                                         BEHALF OF MR. PELAYO-CHAVEZ**
16        v.

17  CERJIO PELAYO-CHAVEZ,

18              Defendant.

19

20

21      Mr. Pelayo-Chavez has stipulated to a grade C violation, based on an *Alford* plea in California

22  Superior Court to a violation of California Penal Code section 242. In a Criminal History Category II,

23  the Advisory Guideline Range is 4-10 months of incarceration. The offense occurred on July 29,

24  2019. Mr. Pelayo-Chavez was in custody from then until August 12, 2019. Since his release, his

25  behavior has been exemplary. He was on electronic monitoring, successfully, from the time of his

26  release until June 8, 2020. He has been on alcohol monitoring for over 11 months with no alerts. He

27  has resided with his father, apart from his wife and three children, for that same time-period. He

28  attended at least three Alcoholics Anonymous Meetings per week from the date of his release until

    the Shelter-in-Place Order, at which point he switched to online meetings, but that was discontinued

due to disruptive and inappropriate behavior on Zoom.  He has also commenced and paid for a 52-week domestic violence program through Madera County Probation. He is set to begin 200 hours of community service with that office when logistically feasible. He will be on county probation until March 2023. Other than the $700 his wife receives for disability, Mr. Pelayo-Chavez has been the sole provider for the household since his release. He has not abandoned his family, even though he can't be with them. The couple has three children together, aged 2, 3, and 12. Because the family is separated, Mr. Pelayo-Cavez keeps one child for a week at a time in Oakland. This procedure is logistically complicated and stressful on the children. Mr. Pelayo-Chavez respectfully requests that his Supervised Release be revoked and reinstated.

The complaining witness would testify at a Disposition hearing on this matter that she does not have a good memory of what happened. She and Mr. Pelayo-Chavez, who have been together for 13 years, were arguing that day. She had been drinking and taking medication, including her prescribed oxycodone and Flexeril. She suffers from panic attacks and Post-Traumatic Stress Disorder. She is a survivor of extreme childhood trauma and suffers flashbacks and panic attacks. She tries to avoid alcohol, because it can cause her to re-live past traumatic moments. She believes she was experiencing intoxication and mental health symptoms when she spoke to the police on the night of the incident. Mr. Pelayo-Chavez did not choke or hit her. Though she claimed to have been choked to the point of nearly losing consciousness, the police noted that her neck did not seem to be red or have any type of bruising. She wants to have the family back together in Madera.

Mr. Pelayo-Chavez has been on federal supervision for four years and eleven months. As a result of this incident, he has served two weeks in jail and 10 months on electronic monitoring, in addition to consequences in Superior Court. As discussed at the last hearing in this case, there is a real need to relocate him to Madera, where he can be reunited with his family and afford a home. His behavior since August 12, 2019 has shown respect for the Probation Office, for the Court, and for his family, including the complaining witness.

There is nothing to be gained from additional incarceration. In fact, that could be disastrous for the complaining witness. Mr. Pelayo-Chavez supports the family right now with his worker's compensation payments, which would cease if he were incarcerated. Mr. Pelayo-Chavez would also

face a much greater risk of infection, and of serious consequences upon infection, with the Sars-cov2 virus if he were incarcerated. The most recent tally of the case and death rates in American prisons is found in Saloner, et al., Research Letter, *COVID-19 Cases and Deaths in Federal and State Prisons*, Journal of the American Medical Association, July 8, 2020, https://jamanetwork.com/journals/jama/fullarticle/2768249.  It argues that the case rate is 5.5 times higher in prison than not, and the death rates is 3.0 times higher in prison than not. The court should avoid exposing anyone to these elevated risks, barring a strong policy reason to detain them. Mr. Pelayo-Chavez has shown that he can remain sober, family-focused, and compliant with his conditions without incarceration.

Mr. Pelayo-Chavez will be supervised for years in Madera County. It has been nearly 11 years since he committed his federal offense, smuggling methamphetamine, for which he paid dearly. The defense respectfully requests that his supervision be revoked and reinstated and allowed to expire as scheduled. This would allow him to return to Madera expeditiously. He does not need continued federal supervision in addition to state supervision. He is not a habitual criminal or abuser of women. He has no connection to methamphetamine or firearms. He has an alcohol problem and a long-term relationship with another person who has mental health and substance challenges. Those factors have been very well stabilized during the last 11 months. The complaining witness, in fact, also gave up drinking. The interests of federal law enforcement have been well vindicated in this case, so that the most reasonable course is to allow Mr. Pelayo-Chavez to move to Madera and work with local entities to address sobriety and family dynamics.

Based on the foregoing, it is respectfully requested that Mr. Pelayo-Chavez's term be revoked and reinstated, and if an extension of supervision is imposed, that it be served in the Eastern District of California.

DATED:      July 13, 2020                          _____/S/_____
                                                   JOHN PAUL REICHMUTH
                                                   Assistant Federal Public Defender

VIOLATION MEMO